[916 NYS2d 620]

In the Matter of MARTIN J. BUSH, an Attorney, Resignor.

Second Department, February 15, 2011

**APPEARANCES OF COUNSEL**

*Robert A. Green,* Hauppauge (*Elizabeth A. Grabowski* of counsel), for Grievance Committee for the Tenth Judicial District.

*Joseph A. Barbaccia,* Freeport, for resignor.

**OPINION OF THE COURT**

Per Curiam.

Martin J. Bush has submitted an affidavit dated October 13, 2010, wherein he tenders his resignation as an attorney and

counselor-at-law (*see* 22 NYCRR 691.9). Bush was admitted to the bar at a term of the Appellate Division of the Supreme Court in the First Judicial Department on April 2, 1951.

Bush is aware of a pending investigation by the Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) into allegations of professional misconduct based upon a complaint filed against him by Richard Buckholz, his son-in-law (hereinafter the complainant). It is alleged that in the mid-1990's, Bush introduced the complainant to a friend, James Salters, and that both Salters and Bush solicited the complainant to invest in Danismine Corporation, which involved residential properties on Long Island. Investments were purportedly used to acquire, rehabilitate, and sell properties. Bush allegedly met with the complainant on a monthly basis to discuss purchases and sign contracts acknowledging the purchases. The complainant alleges that over 300 properties were purchased and sold and he believes that he had millions of dollars in equity and investments. In or between 2005 and 2006, Bush allegedly induced the complainant to invest in a real estate project in the southeastern United States. In or about 2007, the complainant learned that most of the alleged purchases of real properties on Long Island involved fictitious transactions.

The complainant alleges that Bush engaged in a so-called Ponzi scheme by reporting purchases of properties and refunding a small portion of his principal as gains but rolling most of the money, as well as new investments, into the continuing scheme. Bush allegedly falsely and fraudulently verified that he attended closings on behalf of Danismine and fraudulently executed satisfactions in order to clear title on at least one of the properties where the transaction actually occurred.

Bush acknowledges that he cannot successfully defend himself on the merits of the aforementioned pending complaint. Bush avers that he is in declining health, that his memory is faulty and that he and his wife, who suffers from Parkinson's disease, reside in an assisted living facility. He avers that he, too, lost whatever money he invested with Salters.

Bush acknowledges that his resignation is freely and voluntarily rendered, that he is not being subjected to coercion or duress by anyone and that he is fully aware of the implications of its submission, including being barred by Judiciary Law § 90 and the Court rules from seeking reinstatement for at least seven years. He is aware that his resignation is submitted subject to any application which could be made by the Griev-

ance Committee for an order directing that he make restitution and that he reimburse the Lawyers' Fund for Client Protection pursuant to Judiciary Law § 90 (6-a). He is further aware of the continuing jurisdiction of the court to make such an order, which could be entered as a civil judgment against him, and specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee recommends acceptance of Bush's resignation.

Inasmuch as the proffered resignation complies with the requirements of 22 NYCRR 691.9, it is accepted, and effective immediately, Bush is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and LOTT, JJ., concur.

Ordered that the resignation of Martin J. Bush, is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Martin J. Bush, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Martin J. Bush, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Martin J. Bush, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Martin J. Bush has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).